980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Wayne EDDY, Defendant-Appellant.
 No. 90-50627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wayne Eddy appeals his conviction following a jury trial for three counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Eddy contends that the district court erred by granting the prosecution's motion in limine to preclude evidence supporting a duress defense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Whether a defendant has made a threshold showing of each element of the duress defense is a question of law reviewed de novo. United States v. Williams, 791 F.2d 1383, 1388 (9th Cir.), cert. denied, 479 U.S. 869 (1986); United States v. Charmley, 764 F.2d 675, 676 (9th Cir.1985). Although factfinding is within the purview of the jury, if the evidence proffered by a defendant, accepted as true, does not establish all of the elements of a defense, then as a matter of law the trial judge may exclude it. United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985); see Charmley, 764 F.2d at 675-76.
 
 
 4
 To establish a duress defense, the defendant must show prima facie evidence that: (1) the threat was immediate and involved death or serious bodily injury; (2) the fear it caused was well-grounded; (3) there was no reasonable opportunity to avoid or escape the threatened harm; and (4) the defendant submitted to proper authorities after reaching a position of safety. United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990); see Charmley, 764 F.2d at 675. The testimony given or proffered must meet a minimum standard as to each element of the defense. United States v. Bailey, 444 U.S. 394, 415 (1980) (defendants' vague and self-serving statements and ambiguous conduct do not support finding of fourth element of duress defense); see United States v. Hernandez, 608 F.2d 741, 750 (9th Cir.1979) (testimony that defendant was depressed and nervous, told his wife that their family was in danger, and possessed a note containing vague threats failed to establish present danger or well-grounded fear).
 
 
 5
 Eddy contends that there was sufficient evidence to support a prima facie duress defense and that the district court erred by excluding it from the jury. At the hearing on the motion in limine, Eddy offered to testify that the CIA and the FBI forced him to rob three banks by transmitting painful electronic waves, shocks and threatening messages to him by means of two receiving devices which were implanted in his nose and pancreas during a previous imprisonment. Eddy offered to support this testimony by showing a burn mark on his ankle caused by the electronic shocks and hundreds of letters addressed to high-ranking government officials, including President Bush, complaining of this abuse. He also demanded that the district court subpoena two or three thousand unspecified witnesses to testify concerning his alleged mistreatment, the surgery to implant the devices, and CIA-funded electronic mind control experiments at Stanford University Medical Center and other places.
 
 
 6
 Nonetheless, Eddy provided no objective or reliable evidence in support of his duress defense. He offered inconsistent accounts of when and where the operations to implant the electronic devices took place, and at another point suggested that he might be receiving the wave lengths in the absence of any implantations. Although medical records indicated that Eddy's spleen and part of his pancreas were removed during surgery for a traumatic injury in 1981, neither the records, examinations by several physicians nor metal detectors in prison substantiated his claims regarding the implanted devices. At the hearing on the motion in limine, Eddy failed to identify specifically any of the witnesses to be subpoenaed and did not provide any reason to believe that their testimony would confirm the truth of his allegations. Further, Eddy's letters and testimony, while perhaps probative of his beliefs and fear regarding the electronically induced shocks, do not establish the existence of an actual threat or show the fear to be well-founded. In fact, a psychiatric report conducted prior to the hearing concluded that Eddy was suffering from "a Paranoid Disorder characterized by a well-capsulized and consistent delusional system."[1] Eddy's vague and unsubstantiated statements that the CIA and FBI forced him to rob banks by means of painful electronic signals fails to meet even a minimum standard as to the elements of the duress defense. See Bailey, 444 U.S. at 415; Hernandez, 608 F.2d at 750. Accordingly, the district court did not err when it concluded that Eddy had not shown prima facie evidence of duress and excluded that defense as a matter of law. See Charmley, 764 F.2d at 675-76.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The report determined that Eddy was competent to stand trial, indicating that, apart from his delusions, Eddy's reasoning was unimpaired. The report also noted that a psychiatric examination conducted during Eddy's previous incarceration found that he manipulated his symptoms to get improved conditions for himself. Eddy stipulated at the pre-trial hearing that he was competent to stand trial and did not desire to raise an insanity defense