**Michael T. DORAN, Plaintiffs,**

v.

**Kenneth L. McGINNIS et al., Defendants.**

**No. 93–CV–10172–BC.**

United States District Court,
E.D. Michigan,
Northern Division.

Sept. 30, 1994.

Michael T. Doran, pro se.

Christine M. Campbell, Asst. Atty. Gen., Corrections Div., Lansing, MI, for Kenneth McGinnis, Robert Brown, Jr., L. Kathryn Holt, Sandra Johnson, Richard Parkin, Dr. Richard Walters, Michael Rife, John Jabe, Craig Keagy, Geraldine Williams, William Grant, Hampton Walker, Marsha Foresman, Frederick Moholland, Jerry Hofbauer, Robin Pratt, David Paul, Larry Barr, Yale Jenkins, Ollie Boyd, Norman Keesler, Brian Mullins, Danny Adams, John Hawley, Frank Lozon, Dr. Proux, Ann Marie Carland, Jeff Votzke, Garrett Griebenow, Frank Elo, Robert Poikey, Miriam Bullock, Thomas Craig, Martin Snider, Everett Perry, Matt Obiden, Robert Horner, Herman Scarbrough, Umid Mithani.

David D. Patton, Bloomfield Hills, MI, for Steven A. Myers, M.D.

### ORDER

CLELAND, District Judge.

### I. Introduction

Plaintiff brings this action *pro se* against 66 defendants, 32 of whom responded by filing motions for dismissal or summary judgment. One motion was filed on behalf of 31 defendants employed by the Michigan Department of Corrections ("MDOC Defendants"); the other was filed by Steven A. Myers, M.D., an independent psychiatrist who contracted with the MDOC to provide psychiatric services at the Marquette Branch Prison, where Plaintiff is incarcerated. Plaintiff alleges that his Eighth Amendment rights have been violated, primarily through the implantation in his brain of a "telepathic

mind control device" which is supposed to allow various defendants to control his mind and his bodily functions. Plaintiff also alleges that the defendants assaulted his person and were deliberately indifferent to his medical needs. He seeks damages under 42 U.S.C. § 1983, as well as declaratory and injunctive relief.

There are fifteen motions pending before this court: A motion for dismissal or summary judgment filed by 31 MDOC defendants (Document No. 84 [D. 84]); a motion by Defendant Steven A. Myers, M.D. to dismiss or for summary judgment (D. 101); two motions by Plaintiff for preliminary injunction (D.s 74 and 82); a motion for temporary restraining order (D. 82); Plaintiff's Motion for Enlargement of Time for Plaintiff's Service of Defendants (D. 72); Plaintiff's Motion for Order to Compel Answers to Interrogatories and for Disclosure of Records (D. 75); Plaintiff's Motion for Default Judgment (D. 78); Plaintiff's Motion to Proceed in Forma Pauperis (D. 79); Plaintiff's Motion to Extend Time to Perform Service on Defendants (D. 80); Plaintiff's Motion for Service of Process by United States Marshal (D. 89); Motion for Order for Process of Witness Subpoena(s) by the U.S. Marshal's Office (D. 90); Plaintiff's Motion for Order to Compel Production of Documents (D. 146); Plaintiff's Motion to Proceed on Appeal in Forma Pauperis (D. 145); and Plaintiff's Motion for Voluntary Dismissal Without Prejudice (D. 150).

By order of reference pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72.1 of the Local Court Rules, Defendants' motions to dismiss or for summary judgment (D.s 84 and 101) and Plaintiff's motion for preliminary injunction and temporary restraining order (D. 82) were referred to United States Magistrate Judge Charles E. Binder for his report and recommendations. The magistrate judge issued two separate reports and recommendations ("Reports"). The first Report (D. 130) recommended that Plaintiff's request for temporary restraining order be denied, and his request for preliminary injunctive relief be held in abeyance pending the outcome of the pending motions to dismiss or the service of Plaintiff's complaint upon all defendants from whom injunctive relief is sought. The second Report (D. 132), recommended that Defendants' motions for summary judgment be granted and that the case be dismissed. By order dated January 12, 1994, Magistrate Judge Binder granted Defendants' Motion for Protective Order Staying Discovery pending the outcome of the pending dispositive motion.

Plaintiff filed timely objections pursuant to 28 U.S.C. § 636(b)(1). The court has reviewed the file and the Reports and conducted a *de novo* review of the contested portions. The court agrees with the magistrate judge's conclusion that Defendants' motions should be granted. Defendants' motions (D.s 84 and 101) are granted. Plaintiff's Motion for Voluntary Dismissal Without Prejudice (D. 150) is granted with respect to the 34 defendants who have not answered or moved for dismissal or summary judgment and is denied with respect to the 31 MDOC Defendants who have moved to dismiss and Defendant Steven A. Myers, M.D. Plaintiff's other motions (D.s 72, 74, 75, 78, 79, 80, 82, 89, 90, 145, 146) are denied as moot.

## II. Defendants' Motions

Two motions to dismiss or for summary judgment have been filed, one on behalf of 31 MDOC Defendants and one on behalf of Defendant Steven A. Myers, M.D., an independent psychiatrist who contracted with the MDOC to provide psychiatric services at the prison where Plaintiff is housed.

### A. Standard of Review

 A motion to dismiss under Fed. R.Civ.P. 12(b) looks only to the pleadings, and factual allegations in the complaint must be accepted as true. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Plaintiff's complaint will be dismissed only it is clear that no relief could be granted under any set of facts that could be proven in support of this claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). A motion for summary judgment under Rule 56(b) permits the court to look beyond the pleadings. Rule 12(b) also provides that if a party moves to dismiss

for failure to state a claim upon which relief can be granted and presents matters outside the pleading which are not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

■ Summary judgment under Rule 56(b) will be granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, to defeat the motion, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). It is the plaintiff's obligation to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

## B. Discussion

Plaintiff's complaint stems from his contention that Defendants implanted in his head a "telepathic mind control device," which allows them to control both his thoughts and actions. According to Plaintiff, this device transmits his brain waves, which carry access to his memories, to those around him, thus subjecting him to ridicule by fellow prisoners. The device, he says, also has caused Plaintiff to engage in self-injurious behavior—including suicide attempts—and to assault other inmates. Plaintiff claims that the operators of the device create hallucinations in his mind, and that they sometimes speak directly to him, calling him "every derogatory name in the book." (Plaintiff's 8–4–93 Affidavit). The operator/monitors "can sound as if they are talking to Plaintiff or they can inject thoughts into his conscious mind." (Id.).

The operator/monitors also told Plaintiff, through the device in his head, that their job was "to keep you in trouble so you won't get out of prison ever." (Id.).

Plaintiff also alleges that he was assaulted by prison guards on three separate occasions. The first occurred on January 26, 1990 and was perpetrated by Defendants Keesler, Votzke, Adams, and Rife. Plaintiff alleges that these defendants entertained the purpose of making a cut in his head into which prison officials could implant the mind control device. Plaintiff's head was cut in the struggle, and, according to Plaintiff, the device was implanted by an unknown doctor when the wound was being stitched. Plaintiff pleads in the alternative that a chemical agent was placed into his food in order to make him receptive to the mind control device.

The second alleged assault occurred on January 10, 1992, when Plaintiff was scheduled to be moved to a different cell. He refused to move because he feared that another prisoner held in the cell block to which he was going to be transferred might harm him. A videotape submitted by Defendants depicts the events that ensued. Prison guards sprayed Mace into his cell, and Plaintiff was carried against his will to the other cell.

The third incident occurred on November 8, 1992. Plaintiff cut his own neck with a razor blade. He says that he was encouraged to commit suicide by the operator/monitors of the mind control device. (Plaintiff's 8–4–93 Affidavit). He called for assistance from the prison staff, but refused to leave his cell to receive medical treatment. Officers entered the cell, applied handcuffs and soft restraints, and took Plaintiff to a shower room to be cleaned and examined.

Plaintiff seeks declaratory and injunctive relief, $1,000,000 in compensatory damages for alleged punitive administrative segregation, and $10,000,000 punitive damages from each defendant.

The MDOC Defendants argue that Plaintiff's complaint is frivolous. Defendant Myers argues that his actions were not under color of state law within the meaning of 42

U.S.C. § 1983. In the alternative, Defendant Myers argues that he deprived Plaintiff of no constitutionally protected rights.

In his second Report, the magistrate judge suggested that this court dismiss Plaintiff's claims alleging the use of a telepathic mind control device for want of jurisdiction over such an obviously frivolous complaint. The Report also recommended that Plaintiff's other claims be dismissed for failure to state a claim on which relief can be granted because the events Plaintiff alleges, taken in the light most favorable to him, do not constitute a violation of the Eighth Amendment. This court declines to accept the magistrate judge's suggestion that this court lacks proper jurisdiction over Plaintiff's claims of being subjected to implantation and use of a telepathic mind control device, but the court agrees with the magistrate judge that Plaintiff's claims against these defendants must be dismissed.

## C. Objections

Plaintiff filed timely objections to the Report. The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendation to which objections are made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Plaintiff's four objections are variations on a theme: The court's order staying discovery pending the outcome of this motion has denied him the opportunity to discover facts which would defeat Defendants' motion. Plaintiff requests a continuance of Defendants' motion pursuant to Fed.R.Civ.P. 56(f). He argues that the state's use of the mind controlling technology and his incarceration at a maximum security facility, coupled with the court's order staying discovery, have severely impaired his ability to respond to Defendants' motions.

The court concludes that a continuance under Rule 56(f) is not appropriate in this case.

Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where, as here, a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified.

*Emmons v. McLaughlin,* 874 F.2d 351, 356–57 (6th Cir.1989). The court does not doubt that Plaintiff's motion is made in good faith, and his objections list specific reasons why he believes he could not adequately respond to Defendants' motion. He does not show, however, how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

From a reading of the pleadings, it appears that Plaintiff is a highly intelligent individual, well versed in the rules of law and procedure. With great skill, he has cleared the procedural hurdles set up to bar deficient claims. He paid the filing fee for this case, thus avoiding a frivolousness screen under 28 U.S.C. § 1915. In response to Defendants' motion, he submitted three of his own affidavits, which explain in detail his experience with the mind control device alleged in his complaint. These affidavits are eloquently written and internally consistent. Plaintiff has also submitted the affidavit of one John Williams, who was incarcerated with Plaintiff for eighteen months. Mr. Williams attests,

I have heard thought transmissions of Michael Doran. I can also hear what sounds like women talking in these transmissions and these women are constantly abusing Doran with derogatory remarks ... However this thing the M.D.O.C. works that is being used on Michael Doran, it needs to be stopped. He constantly complains of being in great pain and you can see it in his face as well as hear it.

Plaintiff has also submitted a copy of a short article, which he says is taken from the March 1, 1993 issue of Time Magazine. The article is titled "Mind Control Is a Terrible Thing to Waste;" it reports that a former KGB general has "told American visitors about Russian research into 'acoustic psycho-correction.' The process involves transmitting commands into the subconscious through static or white-noise bands. The U.S. Army says it's 'looking into' these reports."

Complaints of mind control devices are not rare. In *Melvin v. U.S. Congress*, 1987 WL 8547 (E.D.Pa.), the plaintiff alleged that "the 'Controller,' a human engineer, has implanted a 'conductor' in the plaintiff's teeth. Through this conductor, the Controller controls the plaintiff's 'complete physical body structure, motor, or all physical movement, and brains—thought, preception [sic] functions,' and caused the plaintiff to commit the criminal acts for which the plaintiff is now imprisoned." *Id.* Another prisoner plaintiff alleged that prison officials were using a thought-control machine transmitting electronic or sonic waves to the his brain for purposes of behavioral modification. *Jones v. Ault*, 67 F.R.D. 124, 129 (S.D.Ga.1974), *aff'd*, 516 F.2d 898 (5th Cir.1975). In *United States v. Eddy*, 980 F.2d 739, 1992 WL 354517 (9th Cir.), the defendant appealed his conviction on the grounds that "the CIA and FBI forced him to rob three banks by transmitting painful electronic waves, shocks and threatening messages to him by means of two receiving devices which were implanted in his nose and pancreas during a previous imprisonment." *Id.*

Plaintiff does not dispute that he has been diagnosed with schizophrenia; he has submitted numerous mental health treatment plans from the prison. He also does not dispute that he has a long history of drug abuse. And just as complaints of "mind control" devices are not rare, it is also true that schizophrenia is not rare. Paranoia of the type expressed herein is entirely consistent with, if not a defining characteristic of, schizophrenia. None of the many individuals who have alleged that a telepathic device allowed others to control their thoughts and actions have been able to substantiate their claims. There is no reason to believe that Plaintiff would fare better if he were allowed to proceed with discovery. Plaintiff's objections requesting a continuance under Rule 56(f) must be denied because Plaintiff has failed to show how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

■ Plaintiff's claim—that prison officials implanted a mind control device in his head and have been using it to control his thoughts and actions—must be dismissed. The court finds, as a matter of law, that intracranial thought control devices such as Plaintiff describes, are far beyond the reach of currently-available technology. To base a lawsuit on such a claim is nothing less than preposterous. In so ruling, the court fully understands that technology marches on, and that mechanisms thought impossible in an earlier age are now common. However, unless and until a litigant can produce tangible or scientific evidence that shows the existence of a "telepathic mind control device," or at least the technology to produce it, this court shall recognize no legal obligation to be gullible. Courts need not entertain claims founded upon beliefs which are so obviously bizarre and illusory.[1]

1. The court asserts that, in holding Plaintiff's claim to be "preposterous," it is engaging in a species of fact finding but is not transgressing Rule 56 standards prohibiting courts from evaluating credibility or otherwise invading the traditional province of the finder of fact. Courts have long been comfortable taking judicial notice of various facts, and this practice is closely akin to what is at work here, "legislative fact finding." See Samuel R. Gross, "Easy Cases Aren't Much Help: Daubert v. Merrell Dow Pharmaceuticals," in *Civil Justice Reform in the 1990s*, Larry Kramer, ed., Institute of Judicial Administration and New York University Press (forthcoming 1995). See also *Lockhart v. McCree*, 476 U.S. 162, 168 n. 3, 106 S.Ct. 1758, 1762 n. 3, 90 L.Ed.2d 137 (1986) (expressing doubt whether "clearly erroneous" standard "applies to the kind of 'legislative' facts at issue here"). In this court's view, dismissing Plaintiff's complaint for simple want of jurisdiction would be inappropriate. The court believes that this case—and the law itself—deserve a more straightforward approach to the problem presented by utterly imaginary complaints. Plaintiff's case is fatally undermined, but not by a failure to allege facts which, *if true*, would state a constitutional viola-

### III. Plaintiff's Motions

■ Plaintiff's motion for voluntary dismissal without prejudice must be denied as to the 32 defendants who have moved for and been granted summary judgment. As to the other defendants, who were never properly served,[2] Plaintiff's motion to dismiss without prejudice is granted. Fed.R.Civ.P. 41(a) provides that a plaintiff may dismiss an action without order of court by filing a notice of dismissal before service by the adverse party of an answer or motion for summary judgment. Where defendants have already served an answer or motion for summary judgment, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a). As to the 34 defendants who have not answered Plaintiff's complaint or filed motions to dismiss or for summary judgment, Plaintiff's request is proper under Rule 41(a).

■ There is no right to voluntary dismissal without prejudice after the defendants have served a motion for summary judgment, though, and the court finds that, in this case, dismissal without prejudice would unfairly disadvantage the 32 defendants who have moved to dismiss or for summary judgment. "Voluntary dismissal without prejudice is [ ] not a matter of right." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.1990). Factors relevant to the consideration of a motion to dismiss without prejudice include the extent to which the suit has progressed, the duplicative expense of relitigation, and the adequacy of plaintiff's explanation for the need to dismiss. *Id.* The fact that a motion for summary judgment has been filed by the defendant is also an important consideration. *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969).

Plaintiff's brief in support of his motion for voluntary dismissal advances three reasons why he believes he is entitled to voluntary dismissal without prejudice. The first is that his "complaint is lengthy and is naming to[o]

many defendants of which he is unable to serve with a summons and complaint." The second is that his "complaint requires claims for relief and due to the number of defendants this is not feasible." The third is that "Plaintiff requires immediate temporary relief and the Court will not grant such, so he requests that the court dismiss his complaint without prejudice so he can re-file a new complaint based on the affidavit he submitted to ward off defendants' dispositive motions." The fact that Plaintiff named too many defendants in his suit is no reason to dismiss the entire lawsuit without prejudice. On the contrary, it is good reason to dismiss the unnecessary defendants *with* prejudice. Allowing Plaintiff to dismiss his claims against admittedly inappropriate defendants without prejudice does nothing to finalize the litigation pending against those defendants; it only postpones and protracts it. Plaintiff's third reason, that the court will not grant his request for immediate temporary relief, also fails to support his request for dismissal without prejudice. The court has examined Plaintiff's claims and found them to be based on paranoia, not reality. There is no need to afford Plaintiff a "second bite of the apple" when he has already been provided a full and fair opportunity to litigate his claims. Defendants have filed a meritorious motion for summary judgment, and so this case has progressed to the very brink of completion. These factors weigh strongly against granting Plaintiff's motion with respect to the defendants already served. Thus, the court grants Plaintiff's motion with respect to the 34 defendants who have not answered of filed dispositive motions and denies Plaintiff's motion with respect to the 32 defendants who have moved for and been granted summary judgment.

Because the MDOC Defendants and Defendant Steven A. Myers, M.D. have been granted summary judgment, and the other defendants have been dismissed in accordance with Plaintiff's motion for voluntary

---

tion redressible under 42 U.S.C. § 1983. Rather, he has stated facts which, to a lucid mind, have no recognizable basis in reality. Devices such as the one of which Plaintiff complains can exist only in the works of science-fiction writers.

2. Plaintiff has filed proof of service by mailing on several other defendants, but they did not acknowledge service and have not appeared in the case.

**390**

dismissal without prejudice, Plaintiff's remaining motions are moot and, therefore, are denied.

## IV. Conclusion

Defendants' motions for summary judgment (D.s 84 and 101) are GRANTED. Plaintiff's Motion for Voluntary Dismissal without Prejudice (D. 150) is DENIED as to the defendants who have been granted summary judgment and GRANTED as to the defendants who have not. Plaintiff's two motions for preliminary injunction (D.s 74 and 82), Motion for Temporary Restraining Order (D. 82); Motion for Enlargement of Time for Plaintiff's Service of Defendants (D. 72); Motion for Order to Compel Answers to Interrogatories and for Disclosure of Records (D. 75); Motion for Default Judgment (D. 78); Motion to Proceed in Forma Pauperis (D. 79); Motion to Extend Time to Perform Service on Defendants (D. 80); Motion for Service of Process by United States Marshal (D. 89); Motion for Order for Process of Witness Subpoena(s) by the U.S. Marshal's Office (D. 90); Motion for Order to Compel Production of Documents (D. 146); and Motion to Proceed on Appeal in Forma Pauperis (D. 145) are denied as moot.

IT IS SO ORDERED.

### *JUDGMENT*

In accordance with the Order entered this date,

IT IS ORDERED AND ADJUDGED that judgment be, and hereby is **GRANTED** in favor of the 31 MDOC Defendants and in favor of Defendant Steven A. Myers, M.D., and against Plaintiff; and

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's claims against the other defendants are DISMISSED without prejudice; and

IT IS FURTHER ORDERED AND ADJUDGED that this action is **DISMISSED.**

IT IS SO ORDERED.