67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon RUIZ, Defendant-Appellant.
 No. 94-50588.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Sept. 19, 1995.
 
 Before: BOOCHEVER, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ramon Ruiz was convicted of conspiracy to possess and transfer counterfeit currency, transfer of counterfeit currency, and possession of counterfeit currency. He claims there was insufficient evidence of a conspiracy before his co-conspirator began to act as a government agent. He also claims the prosecutor's improper remarks during closing argument prejudiced the jury.
 
 
 3
 I. Sufficient evidence of conspiracy before May 24, 1994
 
 
 4
 Ruiz argues that there was insufficient evidence of a conspiracy between Ruiz and Ruben Washington before May 24, 1994, when Washington became a government agent and therefore ineligible as a coconspirator.
 
 
 5
 Ruiz moved for a judgment of acquittal at the end of the government's case, but failed to renew the motion at the conclusion of his own case. When a defendant fails to renew his motion for judgment of acquittal at the close of all the evidence, this court reviews an argument that the evidence was insufficient only for plain error, to prevent a miscarriage of justice. United States v. Winslow, 962 F.2d 845, 850 (9th Cir.1992) (as amended).
 
 
 6
 "The evidence is sufficient to support a conviction as long as, viewing the evidence in the light most favorable to the government, a rational jury could have found the defendants guilty beyond a reasonable doubt of each element of the crime." United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992), cert. denied, 113 S.Ct. 2348 (1993).
 
 
 7
 The essential elements of a conspiracy are (1) an agreement to engage in criminal activity, (2) at least one overt act undertaken to implement the agreement, and (3) the intent to commit the substantive crime. United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990). The defendant must conspire with at least one bonafide coconspirator, and no true agreement exists when the only other person involved is a government agent. United States v. Schmidt, 947 F.2d 362, 367 (9th Cir.1991). Because Washington began cooperating with federal authorities on May 24, the question is whether there was sufficient evidence of an agreement between him and Ruiz before that date.
 
 
 8
 At trial, Washington testified that Ruiz was his source for counterfeit currency as early as May 17, when Washington sold $1000 in counterfeit Federal Reserve Notes obtained from Ruiz to the confidential informant. Washington also testified at length regarding the first trip with Ruiz down to San Ysidro, sometime around May 20. Washington testified that Ruiz called his source, Antonio Hernandez, and introduced Hernandez to Washington. The three men then entered the storage facility where Washington obtained the $30,000 in counterfeit currency, agreeing to sell it for Ruiz, who then would give the proceeds to Hernandez. The later search of the storage facility, where agents seized almost $1 million in counterfeit currency, supports Washington's testimony. When Washington was arrested following his transfer of some of the counterfeit currency on May 23, he gave a statement clearly identifying Ruiz as his source, and agreed to cooperate.
 
 
 9
 There was also evidence corroborating the earlier agreement between Ruiz and Washington in the telephone calls Washington made to Ruiz early on May 24, tapes of which were played to the jury. Ruiz clearly refers to an earlier understanding when he complains to Washington that "my friend" or "the guy in San Ysidro," who the jury could infer was Hernandez, was calling him for the money from the sale of the counterfeit. ER pp. 10-11, 13, 15] Ruiz also refers to going to San Ysidro to "leave the money with the guy and then we're going to get more," and urges Washington to "bring the other money for the $30,000" from the first trip to San Ysidro.
 
 
 10
 Ruiz suggests that Washington's testimony was "self-serving" and not credible, apparently because Washington cooperated with the agents and later pled guilty. It is the jury's exclusive province to determine witness credibility, and we must assume the jury decided that Washington was believable enough to convict Ruiz. See United States v. Robinson, 967 F.2d 287, 292 (9th Cir.1992) (it is jury's province to determine the credibility of witnesses, and court of appeals must assume that jury resolved any questions in a manner supporting the verdict). Further, the jury heard the tapes of the telephone calls, and need not have resolved any credibility issues to infer that the conversations referred to an earlier agreement.
 
 
 11
 There was sufficient evidence from which a jury could find beyond a reasonable doubt that Ruiz conspired with Washington before May 24, 1994.
 
 II. Prosecutor's remarks in closing argument
 
 12
 In his closing argument, Ruiz's counsel reminded the jury that the government had recorded the May 24 meeting between Ruiz, Washington, and the undercover agents, and asked "if Mr. Ruiz really talked about this million dollar deal and was involved in it, wouldn't you expect the Government to come in here and play for you a tape recording of that meeting? I would think so. It just doesn't make sense." In rebuttal, the prosecutor stated "He [the defendant] wants you to question why the Government didn't provide you with the tapes of the meeting at the restaurant. The Government provided the defendant with those tapes, and the defendant did not provide you with those tapes either. And you should ask yourself why not." Ruiz made a motion for a mistrial, arguing that the prosecutor's statements improperly referred to a fact outside the evidence provided to the jury, and implied that the defense had the burden to produce the tapes. The court denied the motion, but gave a curative instruction to the jury. Ruiz now argues that despite the instruction, the prosecutor's comment unduly prejudiced the jury and materially affected the verdict.
 
 
 13
 This court reviews for an abuse of discretion the district court's denial of the motion for a mistrial. United States v. Arambula-Ruiz, 987 F.2d 599, 605 (9th Cir.1993); United States v. Charmley, 764 F.2d 675, 677 & n. 1 (9th Cir.1985). The prosecutor's statements must be considered in the context of the entire proceeding, to determine whether the improper conduct affected the fairness of the trial. United States v. Young, 470 U.S. 1, 11-12 (1985).
 
 
 14
 Cautionary instructions ordinarily are sufficient to cure the effects of improper conduct. United States v. Enriquez-Estrada, 999 F.3d 1355, 1361 (9th Cir.1993). Juries are presumed to follow the cautionary instruction given, and a trial court should declare a mistrial only when the instruction was unlikely to cure the prejudice. Id. We will not reverse a defendant's conviction based on prosecutorial misconduct if there is substantial independent evidence of the defendant's guilt, which overwhelms the prejudicial impact of the impropriety. Id.
 
 
 15
 The curative instruction given by the district court stated:
 
 
 16
 You have heard during argument that certain evidence has not been produced by the defense. You are reminded that the burden is always upon the prosecution to prove guilt beyond a reasonable doubt. That burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.
 
 
 17
 The court also advised the jury that the prosecutor's argument was not evidence. Assuming that the jury followed the instruction, the prosecutor's remark did not cause the jury to believe that Ruiz had the burden to produce the tapes to prove his innocence. See also United States v. Vaandering, 50 F.3d 696, 701-02 (9th Cir.1995) (comments meant to highlight weaknesses in defense case do not shift burden of proof where prosecutor does not argue that failure to explain weaknesses requires guilty verdict, and reiterates that burden is on government).
 
 
 18
 The curative instruction does not directly address Ruiz's argument that the prosecutor's statement referred to evidence not before the jury. There was substantial independent evidence to support his conviction, however. Although Ruiz argues that the tapes were the "sole independent evidence of Mr. Ruiz's involvement in a conspiracy prior to the time that Washington became a government agent," this is not the case. The tapes in question are purportedly recordings made on May 24, after Washington had become a government agent. Whatever the government implied about the tapes in closing argument, the other evidence of Ruiz's actions before that date was sufficient to sustain Ruiz's conviction on the conspiracy charge, as discussed above.
 
 
 19
 There was also strong evidence from Washington's testimony and from the taped telephone conversations that Ruiz possessed and transferred counterfeit currency during the first trip to San Ysidro and even before. In addition, both Washington and the surveilling agents testified about the May 24 trip. Their testimony is independent evidence of the same information as purportedly contained on the tape. The independent evidence of Ruiz's guilt, without reference to the tapes, thus was strong. See United States v. Carillo, 16 F.3d 1046, 1051 (9th Cir.1994) (jury instructions, independent evidence of same information, and overwhelming evidence of guilt made prejudice from misconduct negligible, where prosecutor in closing argument referred to tapes not played at trial), reversed in part on other grounds, United States v. Corona, 34 F.3d 876 (9th Cir.1994).
 
 
 20
 We hold that the curative instructions, along with the evidence presented throughout the trial, cured any prejudice from the prosecutor's remarks. The district court did not abuse its discretion in denying the motion for mistrial.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3