UNITED STATES OF AMERICA,
Plaintiff—Appellee,

v.

Michael STAGGS, Defendant—
Appellant.

No. 03–10716.

D.C. No. CR–02–00287–FCD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided June 15, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Michael B. Bigelow, Sacramento, CA, for Defendant—Appellant.

## MEMORANDUM *

Michael Staggs ("Staggs") appeals his conviction of seven counts of wire fraud in violation of 18 U.S.C. § 1343 and his eighty-seven month sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm Staggs'

conviction and remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

## I.

■ Staggs challenges the district court's decision to admit, pursuant to Federal Rule of Evidence 404(b),[1] evidence of his involvement in other fraudulent investment programs not charged in the indictment. We review the district court's decision to admit Rule 404(b) evidence for abuse of discretion. *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). We conclude that the district court acted within its discretion in admitting the prior bad acts evidence.

The elements of wire fraud are: "a scheme to defraud, use of the wires in furtherance of the scheme, and the specific intent to defraud." *United States v. McNeil*, 320 F.3d 1034, 1040 (9th Cir.), *cert. denied*, 540 U.S. 842, 124 S.Ct. 111, 157 L.Ed.2d 77 (2003). Here, evidence relating to Staggs' involvement with prior investment programs demonstrated Staggs' knowledge that his clients had lost their principal investments and received no profits from the prior schemes. The evidence also showed that these programs had been shut down because they were fraudulent. This evidence was admitted to prove a material element of the offense: Staggs' knowledge of the fraudulent nature of the charged scheme and his intent in promoting it. *See United States v. Rude*, 88 F.3d 1538, 1549–50 (9th Cir. 1996).

The evidence of Staggs' prior conduct involved investment programs very "simi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Evidence of "other crimes, wrongs, or acts" is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." FED. R.EVID. 404(b).

lar to the charged conduct," *Arambula–Ruiz*, 987 F.2d at 602, in that they were promoted as being extremely high-yield with unrealistically low risk, with features like funding "humanitarian aid projects," the use of overseas banks, and the trading of "Medium Term Notes." There also was sufficient testimonial and documentary evidence for the jury to conclude that Staggs was involved with the past fraudulent investment schemes. *See Rude*, 88 F.3d at 1550. We also note that Staggs' involvement in the prior schemes took place within five years of the charged conduct. This was not too remote to bar admission of the evidence under Rule 404(b). *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir.1997).

Finally, under Rule 403(b), the evidence of prior fraudulent investment schemes was highly probative of Staggs' knowledge and intent with regard to the wire fraud charges. Any prejudice that may have resulted from the admission of this evidence was mitigated by the district court's limiting instructions. *See United States v. Bradshaw*, 690 F.2d 704, 709 (9th Cir. 1982). Thus, the probative value of the contested evidence was not "substantially outweighed by the danger of unfair prejudice." *See United States v. Blitz*, 151 F.3d 1002, 1008–09 (9th Cir.1998).

In sum, the district court did not abuse its discretion in admitting the evidence of Staggs' involvement in prior investment schemes under Rule 404(b).

## II.

■ Staggs next challenges the admission of information the FBI sent to Staggs regarding similar trading schemes and Agent Cauthen's recorded phone conversations with Staggs. The district court ad-mitted this as direct evidence that Staggs was on notice of the fraudulent nature of these schemes. We review the district court's admission of this evidence for abuse of discretion. *See Old Chief v. United States*, 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

The information package about IFR and the evidence of Agent Cauthen's phone conversations with Staggs was admitted for the non-hearsay purpose of showing that Staggs was on notice of the fraudulent nature of similar high-yield investment schemes. *See United States v. Rogers*, 321 F.3d 1226, 1229–30 (9th Cir.2003) (holding that a criminal complaint filed against the organizer of IFR was admitted for the non-hearsay purpose of showing that the defendant had notice that IFR was fraudulent). Moreover, the district court's use of a limiting instruction prevented any potential prejudice. *See id.* Thus, the district court did not abuse its discretion in admitting this evidence.[2]

## III.

■ Staggs argues that Agent Cauthen's testimony violated Rule 704(b) by impermissibly expressing an expert opinion that Staggs had intent to defraud—a mental state that is an element of the charged offense of wire fraud. Staggs did not object to this testimony at trial, so we review for plain error. *United States v. Serang*, 156 F.3d 910, 915 (9th Cir.1998).

Agent Cauthen's statements concerned the fraudulent nature of IFR and similar investment schemes in general, not the charged scheme. Moreover, Cauthen did not directly opine about Staggs' mental state in any of the statements Staggs contests on appeal. *See United States v. Murillo*, 255 F.3d 1169, 1178 (9th Cir.2001).

**2.** Because the notice evidence was admissible as direct evidence, we need not address the government's alternative argument that it was also admissible under Rule 404(b).

Finally, even if Cauthen's testimony did express an opinion as to the predicate issue of Staggs' involvement in past fraudulent schemes, none of the statements "compel[s] the conclusion" that Staggs had intent to defraud in the current scheme. *United States v. Morales*, 108 F.3d 1031, 1041 (9th Cir.1997) (en banc). We therefore conclude that the district court did not plainly err in admitting Agent Cauthen's testimony.

## IV.

Staggs argues that the district court erred in denying the motion for a mistrial on the ground that, during closing argument, the prosecution referred to his prior bad acts to demonstrate criminal propensity. The denial of a motion for mistrial is reviewed for abuse of discretion. *United States v. Allen*, 341 F.3d 870, 891 (9th Cir.2003) *cert. denied*, 541 U.S. 975, 124 S.Ct. 1876, 158 L.Ed.2d 471 (2004).

Although the prosecutor's statement bordered on prohibited propensity use of the Rule 404(b) evidence, when viewed in context the statements were used to show Staggs' knowledge, intent, or absence of mistake. *See* FED.R.EVID. 404(b). Furthermore, the district court repeatedly instructed the jury that evidence of Staggs' involvement in prior fraudulent investment schemes could be considered only in assessing his degree of knowledge and intent with regard to the charged scheme. The prosecution also prefaced its use of the prior bad acts evidence with a reminder of its limited permissible use. Although the district court did not give a specific curative instruction on the propensity issue after Staggs moved for a mistrial, the final jury instructions included the limitation. The jury instructions cured any prejudicial effect of the prosecutor's propensity comments. *See United States v. Charmley*, 764 F.2d 675, 677 (9th Cir.1985). The

district court therefore did not abuse its discretion in denying the motion for a mistrial. *See United States v. Huebner*, 48 F.3d 376, 382 (9th Cir.1994) (per curiam).

## V.

■ Staggs also argues that the government's propensity comments constituted prosecutorial misconduct. In particular, Staggs claims that the prosecution made improper propensity arguments in order to "inflame the jury." Staggs failed to object to the alleged prosecutorial misconduct at trial; thus, we review this claim for plain error. *United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir.2002). "Reversal on this basis is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir.), *amended by* 197 F.3d 959 (9th Cir.1999).

Even if the prosecution's statements were improper, because the jury was "carefully, thoroughly and repeatedly" instructed as to the limited use of this evidence, the statements did not materially affect the verdict. *United States v. McChristian*, 47 F.3d 1499, 1508 (9th Cir. 1995); *see also United States v. Tam*, 240 F.3d 797, 802 (9th Cir.2001). Additionally, the strong factual evidence against Staggs militates against a finding that the prosecutor's remarks "materially affected the verdict." *See McChristian*, 47 F.3d at 1508. Reversal because of a prosecutor's inflammatory statements is unwarranted where the problematic remarks are not "extensive," the evidence against the defendant is "substantial," and the court uses limiting instructions. *See United States v. Williams*, 989 F.2d 1061, 1072 (9th Cir. 1993); *Guam v. Quichocho*, 973 F.2d 723, 727 (9th Cir.1992). Although the prosecution made more than one comment that implied Staggs' criminal propensity, these

statements were framed within arguments relating to Staggs' knowledge and intent. Staggs has not demonstrated that prosecutorial misconduct "materially affected the fairness of the trial." *See Sayakhom,* 186 F.3d at 943. We therefore affirm Staggs' conviction under 18 U.S.C. § 1343.

## VI.

Staggs argues that the enhancement of his sentence based on facts found by the district judge on a clear and convincing evidence standard under the constraints of the then-mandatory Sentencing Guidelines constituted plain error. He requests that we remand the case for resentencing in light of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Ameline,* 409 F.3d at 1084–85. Plain error review applies to Staggs' sentence because he did not raise the Sixth Amendment argument in the district court. *Id.* at 1077–78.

■ The district judge increased Staggs' base offense level by twenty-three points on the basis of facts which he found on a clear and convincing evidence standard. Specifically, the judge increased the offense level by fifteen points based on his findings that more than ten million dollars was the intended loss, *see* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2F1.1(b)(1)(P) (2000); by four points for Staggs' role as an "organizer or leader," *see* § 3B1.1 (2003); and by two points for obstruction of justice, *see* § 3C1.1 (2003). This was constitutional error under *Booker. See Ameline,* 409 F.3d at 1084–85.

■ Next, we must determine whether the error affected Staggs' substantial

rights. We conclude that it is "not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory...." *Id.* We therefore remand to the district court for determination of whether the sentence would have been materially different under an advisory system, in accordance with the procedure outlined in *Ameline,* 409 F.3d at 1084–85.

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

---

\* The motion of surviving spouse Teresa Aerni to substitute herself for James Aerni as plaintiff-appellant is granted.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.