UNITED STATES of America,
Plaintiff-Appellee,

v.

George Patrick CHARMLEY,
Defendant-Appellant.

No. 84–3113.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1985.

Decided June 26, 1985.

Jeffrey L. Rogers, Robert C. Weaver, Asst. U.S. Attys., Portland, Or., for plaintiff-appellee.

Marianne D. Bachers, Asst. Federal Public Defender, Eugene, Or., for defendant-appellant.

Before KILKENNY, WALLACE and SNEED, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant George Charmley appeals from his conviction of unarmed bank robbery under 18 U.S.C. § 2113(a). We affirm.

## I.

Appellant first argues that the district court abused its discretion by refusing to instruct the jury on his proffered defense of duress. The district court concluded that the evidence presented was insufficient as a matter of law to support the defense and declined to instruct the jury thereon. We review questions of law *de novo. United States v. McConney,* 728 F.2d 1195, 1201–1202 (CA9) (in banc), *cert. denied* — U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984) (where application of legal rule to facts requires inquiry primarily concerned with legal principles, interests of judicial administration favor *de novo* review).

For an instruction on a particular defense to go to the jury, the defendant must present sufficient evidence to raise triable issues of fact on the elements of that defense. *Cf., United States v. Rhodes,* 713 F.2d 463, 467 (CA9), *cert. denied* — U.S. ——, 104 S.Ct. 535, 78 L.Ed.2d 715 (1983) (entrapment). The three elements of the duress defense are: (1) immediate threat of death or grave bodily harm; (2) well grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape. *United States v. Jennell,* 749 F.2d 1302, 1305 (CA9 1984). A fourth element ordinarily relevant only in prison escape cases, *viz.,* prompt surrender to authorities upon reaching a place of safety, *United States v. Karr,* 742 F.2d 493, 497 (CA9 1984), is a factor the court may nevertheless consider in assessing the escapability prong of the duress test. *Jennell,* 749 F.2d at 1305.

Whatever the merits of appellant's arguments on the first two elements of the duress defense, our review of the entire record in a light most favorable to appellant reveals that he failed to show the absence of a reasonable opportunity to escape. Appellant was not under restraint or surveillance at the time of the robberies, *see United States v. Contento-Pachon,* 723 F.2d 691, 694 (CA9 1984); *United States v.*

*Hearst,* 563 F.2d 1331, 1350–52 (CA9 1978) (per curiam), and he failed both to notify authorities of the threats and to surrender when he had the opportunity. *See Contento-Pachon,* 723 F.2d at 695. Because a trial judge need not submit a defense to a jury where the evidence fails to establish the elements of that defense, *United States v. Dorrell,* 758 F.2d 427, 430 (CA9 1985), the district court's decision not to allow appellant's duress defense to go to the jury was not error.

## II.

■ Appellant next argues that the district court abused its discretion by denying appellant's motion for mistrial. We review such decisions for an abuse of discretion.[1] *United States v. Rabb,* 752 F.2d 1320, 1325 (CA9 1984).

■ Where evidence heard by the jury is later ruled inadmissible, a cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant. *United States v. Escalante,* 637 F.2d 1197, 1202–1203 (CA9), *cert. denied* 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980). Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error. *United States v. Gann,* 732 F.2d 714, 725 (CA9), *cert. denied* — U.S. —, 105 S.Ct. 505, 83 L.Ed.2d 397 (CA9 1984). A cautionary instruction was given below, and under the facts of this case the decision to deny the mistrial motion was not an abuse of discretion.

## III.

■ Finally, appellant contends that the district court erred by ruling that appellant's prior convictions for forgery and bank robbery could be used for impeachment if he elected to testify.[2] We review for an abuse of discretion. *United States v. Solomon,* 753 F.2d 1522, 1524 (CA9 1985) (evidentiary rulings).

■ In deciding to allow evidence of appellant's prior convictions for impeachment purposes, the district court expressly engaged in the balancing process mandated by FRE 609(a)(1) and found the probative value of the prior convictions to outweigh their prejudicial effect. Moreover, because appellant's testimony would have concerned his abduction and beating, facts which became largely irrelevant once the duress defense had been excluded, no prejudice can be said to have occurred from the denial of the motion. Accordingly, there was no abuse of discretion.

AFFIRMED.

---

1. There appears to be some confusion in this Circuit as to the appropriate standard of review involving denials of motions for mistrial. In *United States v. Brutzman,* 731 F.2d 1449 (CA9 1984), the court declared such decisions to be subject to the clearly erroneous standard of review. 731 F.2d at 1453, *citing United States v. Pruitt,* 719 F.2d 975, 978 (CA9), *cert. denied* — U.S. —, 104 S.Ct. 536, 78 L.Ed.2d 716 (1983), and *United States v. Ochoa-Sanchez,* 676 F.2d 1283, 1289 (CA9 1982), *cert. denied* 459 U.S. 911, 103 S.Ct. 219, 74 L.Ed.2d 174 (1983).

In *Pruitt,* the court rather confusingly stated that "[t]he [district] court's exercise of discretion in denying appellant's motion for mistrial was not clearly erroneous[.]" 719 F.2d at 978. In *Ochoa-Sanchez,* however, the court clearly stated "the [district] court did not abuse its discretion in refusing to grant a mistrial." 676 F.2d at 1289. The holding of *Brutzman* (that denials of mistrial motions are subject to the clearly erroneous standard of review) appears therefore to be in error. *See, e.g., Rabb, supra;* *United States v. Johnson,* 735 F.2d 1200, 1202 (CA9 1984) (denial of mistrial motion reviewed for abuse of discretion); *United States v. Gann,* 732 F.2d 714, 725 (CA9), *cert. denied* — U.S. —, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984) (same); *United States v. McCown,* 711 F.2d 1441, 1453 (CA9 1983) (same).

2. In their briefs, the parties argue the applicability *vel non* of *Luce v. United States,* — U.S. —, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) to this question. In *Luce,* the Court held that a defendant must elect to testify in order to preserve reviewability of a claim of improper impeachment by means of a prior conviction. *Id.* at 464. Prior to *Luce,* this circuit did not require such an election on the part of a defendant. *See United States v. Cook,* 608 F.2d 1175, 1187 (CA9 1979) (in banc), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980).

We need not determine whether *Luce* is to be applied retroactively because, under these facts, it would make no difference.