876 F.2d 897
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose De Jesus SILVA-PENA, Defendant-Appellant.
 No. 88-1139.
 United States Court of Appeals, Ninth Circuit.
 Submitted* March 29, 1989.
Decided June 6, 1989.
 Before BARNES, WALLACE and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose de Jesus Silva-Pena (Silva-Pena) appeals his conviction of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He contends that the district court erred by refusing to instruct the jury on his proffered defense of duress. We affirm.
 
 
 3
 "For an instruction on a particular defense to go to the jury, the defendant must present sufficient evidence to raise triable issues of fact on the elements of that defense." United States v. Charmley, 764 F.2d 675, 676 (9th Cir.1985). "The three elements of the duress defense are: (1) immediate threat of death or grave bodily harm; (2) well grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape." Id.
 
 
 4
 Whatever the merits of Silva-Pena's arguments on the last two elements of the duress defense, our review of the entire record reveals that Silva-Pena failed to show an immediate threat of death or grave bodily harm. At trial, Silva-Pena testified that he would be killed or beaten by DEA agent James Wade (Wade), the "buyer" who had arranged to purchase the cocaine, if Silva-Pena did not complete the cocaine deal. He further testified that government informant Richard Keerne Garcia (Garcia) told him, "Look, remember I told you this man, Jim (Wade), was a very big man in the casinos. You think they aren't going to kill you?" Finally, he testified that one day he noticed two men in a car following him, whom he believed were Wade's bodyguards. At no time, however, was Silva-Pena threatened with death or great bodily harm by someone actually present to enforce the threat. Such nonimmediate threats do not establish a prima facie case of duress. See United States v. Shapiro, 669 F.2d 593, 596 and n. 3 (9th Cir.1982). Accordingly, the district court did not err by refusing to instruct the jury on the duress defense.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts for this Circuit except as provided by Ninth Circuit Rule 36.3