972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Lee SEBRESOS, Defendant-Appellant.
 No. 91-10193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1992.
Decided July 22, 1992.
 
 Before TANG, PREGERSON and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barbara Lee Sebresos appeals her conviction following a guilty plea to charges stemming from an embezzlement scheme. She contends that the district court erroneously excluded testimony offered to support a duress defense and a state of mind defense. We affirm the district court's decision to bar the evidence proffered in support of the duress defense, but reverse the decision to exclude expert testimony on her inability to form the requisite specific intent.
 
 BACKGROUND
 
 3
 From 1983 through 1987, defendant's husband, Leonard Sebresos, was the financial secretary of Local Asbestos Union 132. Barbara Sebresos worked, largely without pay, as the secretary and bookkeeper. During this time she embezzled about $130,000 from the union. The government charged her with fifteen counts, including mail fraud, embezzlement, false entries, false statement and tax evasion. Sebresos planned to introduce expert and lay testimony on the battered spouse or spouse abuse syndrome (SAS) as evidence for her duress defense which the government sought to exclude.
 
 
 4
 The district court granted the government's motion in limine on the basis that defendant's proffer did not satisfy the legal requirements for a duress defense. Sebresos then entered a conditional plea of guilty, which the court set aside when her expert testified that she lacked the intent to commit the crime. When the case again was set for trial, the government filed another motion to exclude the SAS testimony on her duress defense. The district court again granted the motion in limine as to all the expert and lay testimony. Sebresos then entered another conditional guilty plea.
 
 
 5
 At the second sentencing hearing, Barbara presented evidence that Leonard was the primary beneficiary of all embezzled funds and that he physically and mentally abused her and controlled her. Dr. Ginandes, defendant's expert, again testified. Sebresos was sentenced to imprisonment for two years on the embezzlement charge and probation for all other counts. She is presently out on bail.
 
 
 6
 Sebresos raises two issues on appeal.[1] She argues that (1) the court erred in refusing to admit evidence, other than her own testimony, of the spouse abuse syndrome to establish a coercion or duress defense; and (2) the district court erred in refusing to allow the admission of expert testimony regarding her state of mind.
 
 DISCUSSION
 
 7
 A. Exclusion of Spouse Abuse Syndrome Evidence on the Issue of Duress.
 
 
 8
 The district court's conclusion that the evidence was insufficient as a matter of law to support a duress defense is subject to de novo review. United States v. Charmley, 764 F.2d 675, 676 (9th Cir.1985).
 
 
 9
 The requirements of a coercion or duress defense are (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm. United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984).
 
 
 10
 The spouse abuse or battered woman syndrome
 
 
 11
 generally refers to common characteristics appearing in women who are physically and psychologically abused by their mates. The typical pattern of violence consists of three recurrent phases of abuse: a tension-building stage, characterized by minor abuse; an acute battering stage, characterized by uncontrollable explosions of brutal violence; and a loving respite stage, characterized by calm and loving behavior of the batterer, coupled with pleas for forgiveness. The continued cycle of violence and contrition results in the battered woman living in a state of learned helplessness. Because she is financially dependent on the batterer, she may feel partly responsible for the batterer's violence, she may believe that her children need a father, or fear reprisal if she leaves. The battered woman lives with constant fear, coupled with a perceived inability to escape.
 
 
 12
 Fennell v. Goolsby, 630 F.Supp. 451, 456 (E.D.Pa.1985) (footnotes omitted).
 
 
 13
 The majority trend among state courts is to admit evidence of SAS on the issue of self-defense. United States v. Johnson, 956 F.2d 894, 900 (9th Cir.1992). Sebresos wants to use the syndrome to explain that her embezzlement scheme resulted from her husband's abuse and coercion. She argues that if the law supports the admission of SAS in self-defense cases to explain why a woman perceived herself to be in immediate danger, then such evidence should be admissible to explain the immediacy requirement in a duress defense.
 
 
 14
 In her proffer before the district court, Sebresos stated that because of the years of physical and mental abuse she was "acting under compulsion and duress and that she did not have the requisite mens rea because of said abuse to commit the crime." She offered witnesses to testify that because of the abuse, she was put in a state where she did what Leonard said without question. She offered a psychiatrist to testify that she is a battered spouse and suffers from depression and dependent personality disorder and subjugated her will to her husband's, although she knew intellectually that she should not have obeyed his orders to embezzle funds.
 
 
 15
 There are several problems with defendant's proffer. First, she has confused the duress defense and aspects of a mental state defense throughout the proceedings.[2] The two defenses are not compatible. The duress defense "assumes that the defendant has voluntarily performed the criminal act; his or her will has not been so overcome that another choice was impossible." Johnson, 956 F.2d at 897. Thus, Sebresos' proffer fails to support a duress defense in that she claims that her acts were not voluntary.
 
 
 16
 The same problem is apparent in her expert's report and testimony. SAS is not a mental disease or defect. See id. at 899-900. Yet her psychiatrist offered two psychiatric diagnoses about her mental condition, depression and dependent personality disorder. These appear to support a diminished capacity defense rather than a SAS defense. In addition, individual psychological incapacity cannot be the basis for a duress defense. Model Penal Code, § 2.09 Comment 2 at 373-74; see also Johnson, 956 F.2d at 898. Thus, Dr. Ginandes' report, his testimony and the proffer addressed a mental state defense and did not support a duress defense or the spouse abuse syndrome. For this reason, the court was justified in prohibiting defendant's expert from testifying on the spouse abuse syndrome in relationship to her duress defense.
 
 
 17
 In conclusion, we affirm on the basis that no matter how we characterize defendant's proffer, it fails to support a defense of duress as a matter of law. We do not rule, as the district court did, that SAS testimony is per se inadmissible to support a duress defense. Indeed, in Johnson, supra, the district court admitted just such evidence. See id. at 899, 901.[3] Nor do we reach the question of whether Sebresos satisfied the "immediacy" requirement of the duress defense. Certainly, this requirement will be harder to satisfy with a course-of-conduct crime such as her embezzlement scheme. However, each case must be judged on its own facts. Here, the proffer was murky, the expert's testimony described a diminished capacity defense and neither, therefore, offered evidence that established a duress defense. The rejection of the entire duress/SAS defense was justified.
 
 
 18
 B. Exclusion of Expert Testimony on State of Mind.
 
 
 19
 Sebresos argues that the court erred in excluding her expert's testimony regarding her state of mind. We review exclusion of expert testimony under an abuse of discretion standard. United States v. Aguon, 851 F.2d 1158, 1171 (9th Cir.1988). As described above, defendant's proffer mixed two issues. In addition to excluding testimony on a duress defense, the court also excluded defendant's expert's testimony on her state of mind.[4]
 
 
 20
 Sebresos asserts that Dr. Ginandes' testimony about her dependent personality disorder was relevant because the crimes she was charged with required willfulness. Psychiatric evidence that goes beyond a defendant's cognitive defects is admissible to negate specific intent. United States v. Fishman, 743 F.Supp. 713, 721 (N.D.Cal.1990); see also U.S. v. Twine, 853 F.2d 676, 679 (9th Cir.1988).
 
 
 21
 The district court did not find the individual expert to be unreliable nor the psychological theory propounded to be untested or unrecognized by the scientific community. The evidence was not cumulative or unsupported by the record. Further, under the facts of this case Sebresos could not convince a jury of her diminished capacity without the aid of expert testimony. Thus, the expert testimony on her inability to formulate the requisite specific intent was critical to her ability to present a defense. Under these circumstances, exclusion of expert testimony on this issue was an abuse of discretion. See United States v. McBride, 786 F.2d 45, 50-51 (2d Cir.1986) (exclusion of expert testimony regarding impact of organic brain disorder on defendant's ability to reason reversed where evidence was critical to defense, highly relevant, and psychiatric theory was generally accepted).
 
 
 22
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's exclusion of both the expert and lay testimony on the issue of the spouse abuse syndrome suggests a due process violation of the right to present a defense. See Washington v. State of Texas, 388 U.S. 14, 19 (1967). However, one must first have a valid duress defense in order to have a meritorious due process claim. Gutierrez v. Griggs, 695 F.2d 1195, 1199 (9th Cir.1983). Because we hold that Sebresos did not present a valid duress defense, there was no due process violation
 
 
 [2]
 Defendant's proffer stated both that she was acting under compulsion due to years of abuse, and that she did not have the requisite mens rea to commit the crime. Her psychiatrist's report indicated that she knew right from wrong, but her dependent personality disorder and mental condition of depression made it impossible for her to disobey her husband. Her contradictory defense caused the district court to reject her plea when Dr. Ginandes testified that she lacked specific intent to commit the charged offenses
 
 
 [3]
 The issue in Johnson was the duress defense as it interacts with sentencing. The court held that an incomplete duress defense should be considered as a mitigating factor in sentencing. Johnson, 956 F.2d at 898
 
 
 [4]
 The court stated "I don't feel that there's any case law that would justify, under the facts and circumstances of this case, the invocation of a battered wife syndrome. Therefore, I'm going to exclude the testimony of any psychiatrist that would testify in this regard or on the regard of her mental attitude or what have you in this case."