106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Dale HIGHTOWER, Defendant-Appellant.
 No. 96-10114.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Dale Hightower appeals his conviction following a bench trial for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Hightower contends that the district court erred as a matter of law by finding that he failed to establish the defenses of either duress or necessity. We review for clear error. See United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992) (as amended); see also Salterelli v. Bob Baker Group Medical Trust, 35 F.3d 382, 384 (9th Cir.1994) (clear error review applies to the results of "essentially factual" inquiries applying the law to the facts). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 Necessity Defense
 
 3
 To invoke the necessity defense, the defendant must show that: (1) he was faced with a choice of evils and chose the lesser evil; (2) he acted to prevent imminent harm; (3) he reasonably anticipated a direct causal relationship between his conduct and the harm to be averted; and (4) he had no legal alternatives to violating the law. See United States v. Schoon, 971 F.2d 193, 195 (9th Cir.1991).
 
 
 4
 Here, Hightower did not meet all of the elements of a necessity defense. See id. Because Hightower could have called the police, there was a reasonable legal alternative to arming himself. Moreover, Hightower's possession of the pistol and ammunition in anticipation of confronting the armed individuals could not reasonably be considered an action that would avoid the threatened harm. See Schoon, 971 F.2d at 195. Accordingly, the district court's conclusion that Hightower's defense of necessity failed was not clearly erroneous. See Martinez-Gonzalez, 962 F.2d at 878.
 
 II.
 Duress Defense
 
 5
 The three requirements of a duress defense are: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. See United States v. Moreno, No. 95-10549, slip op. 15413, 15420 (9th Cir. Dec. 13, 1996); see also United States v. Charmley, 764 F.2d 675, 676 (9th Cir.1985).
 
 
 6
 Here, Hightower has failed to show evidence of all of the elements of a duress defense. See Moreno, No. 95-10549, slip op. at 15420; see also Charmley, 764 F.2d at 676. Hightower had the means and opportunity to call the police for assistance, or to leave the apartment complex with his son. The fact that Hightower chose not to escape does not negate the fact that such an opportunity existed. See Moreno, No. 95-10549, slip op. at 15420; see also Charmley, 764 F.2d at 676.
 
 
 7
 Because review of the record shows that Hightower failed to offer sufficient evidence of an absence of a reasonable opportunity to escape, the district court's determination that Hightower's duress defense failed was not clearly erroneous. See Moreno, No. 95-10549, slip op. at 15420-22; See Martinez-Gonzalez, 962 F.2d at 878.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Hightower asserts a justification defense, it also fails because the three defenses are closely related, and the elements that need to be proven are similar. See United States v. Gomez, 92 F.3d 770, 774-76 & nn. 5, 9 (9th Cir.1996)