**Shawn CONAWAY, Plaintiff— Appellant,**

v.

**BAKER COUNTY, et al., Defendants— Appellees.**

No. 02–35203.

D.C. No. CV–00–00453–SMB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Sept. 29, 2003.

Bruce L. Mowery, Salem, OR, for Defendant–Appellee.

Foster A. Glass, Esq., Marc T. Anderson, Bend, OR, for Plaintiff–Appellant.

Before HALL, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Shawn Conaway appeals from a jury verdict denying him relief in a civil rights suit on the grounds that the district court erred in ruling on several evidentiary matters. We find no error.

The district court properly overruled Conaway's objection to defense counsel's reference in his opening statement to "a call regarding a violation of a restraining order." The nature of the crime underlying an arrest is always relevant to the excessive force inquiry. The Supreme Court has stated that this inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue." *Graham v. Connor*, 490 U.S. 386, 396, 109

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 1865, 104 L.Ed.2d 443 (1989). The fact that the sheriffs were responding to a report of a restraining order violation is relevant to whether the force they used to execute the arrest was excessive. Accordingly, the trial court did not abuse its discretion in allowing the statement.

Furthermore, defense counsel's comment did not pose a risk of unfairly prejudicing Conaway. To understand the context of the case, the jury needed some information about the crime that Conaway was suspected of committing when he was arrested. Defense counsel's reference to the alleged restraining order violation supplied this necessary information to the jury in a non-inflammatory manner, and with a minimal level of detail.

Nor did allowing this statement violate Federal Rule of Evidence 404(b). Under *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), three requirements must be met for evidence of "other crimes, wrongs, or acts" to be admissible: first, the evidence must be relevant to a "material issue other than character"; second, the probative value of the evidence must not be substantially outweighed by the risk of unfair prejudice; and third, consistent with Rule 105, "the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted." 485 U.S. at 686, 691–92, 108 S.Ct. 1496. As discussed above, defense counsel's statement was relevant to the excessive force issue, and it did not raise any significant likelihood of prejudice. The court had no duty to give a limiting instruction because Conaway did not request one.

In addition, the court did not abuse its discretion when it denied Conaway's request for a mistrial. Because the trial court hears all the evidence and observes the jury, it is afforded broad discretion to determine whether a mistrial is warranted.

"Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." *United States v. Charmley,* 764 F.2d 675, 677 (9th Cir.1985). After the district judge denied Conaway's motion for a mistrial, Conaway agreed to the curative instruction that the judge gave the jury before deliberations commenced. Conaway has not demonstrated that this instruction was insufficient to cure any prejudice resulting from the reference during cross-examination to his 1999 arrest.

Finally, Conaway claims that the court erred by refusing to give him a chance either to call Vicky Nelson as a hostile witness or to cross-examine Nelson. However, the district judge twice suggested that Nelson might be called as a hostile witness. It was Conaway himself, not the judge, who decided not to call Nelson. Conaway's argument as to the cross-examination of Nelson also fails. It is axiomatic that a party cannot cross-examine a witness whose direct testimony has not been presented.

AFFIRMED.