**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Deanne LEMAY, Defendant–Appellant.**

No. 03–30021.

D.C. No. CR–02–00045–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2005.*

Decided March 17, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Lori Harper Suek, USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Marcia Good Hurd, USBI—Office of the U.S. Attorney, Billings, MT, Lynn T. Hamilton, Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM**

Deanne LeMay appeals her conviction and sentence for conspiracy to possess methamphetamine with intent to distribute and for possessing it with intent to distribute. 21 U.S.C. §§ 841, 846. We affirm.

■ (1) LeMay first asserts that the district court committed plain error[1] when it failed to grant a mistrial sua sponte after certain evidence (audiotapes) referred to by the prosecution was withdrawn. We disagree.

While we must satisfy ourselves that the district court used sound discretion,[2] we do owe it great deference.[3] In this case, there surely was no manifest necessity for a mistrial,[4] and the district court properly decided that a cautionary instruction would suffice.[5] In short, there was no error, much less plain error. *Cf. United States v. Olano*, 62 F.3d 1180, 1192 (9th Cir.1995) (no plain error in failure to sua sponte grant a mistrial on issue of jury misconduct).

■ (2) LeMay also asserts that at sentencing the district court decided questions of fact which should have been submitted to a jury because they increased her guideline sentencing range. *See Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). However, because the Supreme Court has now made it clear that the ranges yielded by guideline calculations are advisory rather than mandatory, *Blakely* does not control those calculations. *See United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). Therefore, LeMay's argument fails. She has not asked for a remand for resentencing pursuant to *Booker*.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This standard is required because no request for a mistrial was made by her at the district court. *See* Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 1776–78, 123 L.Ed.2d 508 (1993).

2. *See United States v. Shaw*, 829 F.2d 714, 719 (9th Cir.1987).

3. *See Arizona v. Washington*, 434 U.S. 497, 513–14, 98 S.Ct. 824, 834–35, 54 L.Ed.2d 717 (1978); *Shaw*, 829 F.2d at 719–20.

4. *See Arizona*, 434 U.S. at 505–06, 98 S.Ct. at 830–31; *United States v. Hernandez–Guardado*, 228 F.3d 1017, 1029 (9th Cir.2000).

5. *See United States v. Bates*, 917 F.2d 388, 396 (9th Cir.1990); *United States v. Charmley*, 764 F.2d 675, 677 (9th Cir.1985).