FILED

MAY 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10077 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00153-CRB-1 |
| v. | |
| DAVID BOYER PRINCE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 14, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and DUFFY, Senior District Judge.[**]

David Boyer Prince appeals his jury conviction and sentence imposed for

five counts of wire fraud. His convictions stem from his involvement with three

investment entities: MJE Invest!, Dawnstar Alliance, and the Leopard Fund. He

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

was sentenced to eighty-four months imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** Prince challenges the admission into evidence of a heavily redacted cease and desist order from the Texas State Securities Board. Even if the district court abused its discretion in admitting the order, any error was harmless in light of the overwhelming evidence against Prince. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) ("If we conclude that a Rule 404(b) violation occurred, we reverse only if the error was not harmless.").

**2.** Prince challenges the district court's denial of his motion to compel use immunity for a potential defense witness, Dr. Lance Lee. Dr. Lee appeared at Prince's trial and, outside the presence of the jury, invoked his Fifth Amendment right against self-incrimination. In general, a defendant is not entitled to compel the government to grant use immunity to potential defense witnesses who invoke their right against self-incrimination. *See United States v. Brutzman*, 731 F.2d 1449, 1451-52 (9th Cir. 1984), *overruled on other grounds by United States v. Charmley*, 764 F.2d 675, 677 n.1 (9th Cir. 1985). In order to show that due process requires the district court to compel use immunity, a criminal defendant must show that "(1) the testimony was relevant; and (2) the government distorted the judicial fact-finding process by denying immunity." *United States v. Young*, 86

F.3d 944, 947 (9th Cir. 1996).  Prince has failed to show that the government distorted the fact-finding process by denying immunity.

The district court did not err in allowing Dr. Lee to invoke his Fifth Amendment privilege outside of the presence of the jury.  Under *United States v. Licavoli*, 604 F.2d 613, 624 (9th Cir. 1979), defendants may not call people as witnesses "for the sole purpose of compelling them to invoke their Fifth Amendment privilege in front of the jury."  Nor did the district court err in refusing to give one of the "missing witness" instructions proposed by Prince.  "Where a witness' unavailability results from an invocation of the privilege against self-incrimination, the witness is unavailable to both parties, and the court's refusal to give an absent witness instruction is proper."  *Brutzman*, 731 F.2d at 1454.

**3.**  Prince challenges the district court's failure to strike references to "Ponzi schemes" during the government's closing argument and rebuttal, despite the court's earlier ruling that the government could not use the phrase "Ponzi scheme" during an expert witness's testimony or opening statements.  Because the defense failed to object to these references at trial, we review for plain error.  These fleeting references, even if they were in error, were not plain error within the meaning of *United States v. Olano*, 507 U.S. 725, 736 (1993).

**4.** The district court, in enumerating the elements of wire fraud, erroneously stated that the *defendant* had to prove each of the elements of the offense beyond a reasonable doubt. "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Garcia-Rivera*, 353 F.3d 788, 792 (9th Cir. 2003) (internal quotation omitted). The district court's one misstatement in Prince's case was not sufficient to render the instructions as a whole misleading or inadequate.

**5.** Prince challenges the district court's refusal to award a two-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1. "When a defendant chooses to put the government to its burden of proof at trial, a downward adjustment for acceptance of responsibility should be rare." *United States v. Weiland*, 420 F.3d 1062, 1080 (9th Cir. 2005) (internal quotations marks omitted). The district court did not err in refusing to award the two-level reduction when Prince went to trial and denied he possessed the requisite intent to defraud, a key element of wire fraud.

**6.** Prince challenges the district court's reliance on his status as an attorney as one of the 18 U.S.C. § 3553(a) factors to impose an upward sentencing variance, even though the district court declined to apply the two-level enhancement for abusing a position of trust as a result of his status as a lawyer. The district court

4

did not abuse its discretion in considering Prince's status as a lawyer as one of the § 3553(a) factors, especially because several victim-investors testified that Prince's status as an attorney played a role in their decision to invest funds with the Leopard Fund.

**AFFIRMED.**