**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30169 |
| Plaintiff - Appellee, | D.C. No. 2:13-CR-06049-EFS-3 |
| v. | |
| JESUS LOPEZ-TRUJILLO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted on the briefs October 16, 2015 **
Seattle, Washington

Before: FLETCHER and GOULD, Circuit Judges, and EZRA, District Judge.***

Jesus Lopez-Trujillo ("Appellant") appeals his conviction for conspiracy to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

distribute methamphetamine and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Appellant first contends that the district court erred by failing to *sua sponte* require the government to grant use immunity to defense witness Manuel Sandoval-Valdivia ("Sandoval-Valdivia"). Appellant did not ask the government to grant use immunity to Sandoval-Valdivia, and did not request that the district court compel such immunity. Where a defendant does not ask the district court to compel use immunity, whether the district court should have done so *sua sponte* is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 730–36 (1993).

The record is clear that Sandoval-Valdivia's decision to assert his right against self-incrimination was based on the advice of his counsel, and there is no evidence that the government engaged in any conduct that could be said to "amount to something akin to prosecutorial misconduct." *United States v. Straub*, 538 F.3d 1147, 1157 (9th Cir. 2008). The record is also clear that the failure to grant immunity to Sandoval-Valdivia did not "so distort[] the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial." *Id.* at 1162. Sandoval-Valdivia's proffered testimony was consistent with the testimony of government witness Juan Trinidad-Magdaleno ("Trinidad-

Magdaleno"), and would have done nothing to rebut Trinidad-Magdaleno's testimony regarding Appellant's role in the conspiracy prior to the date on which they were arrested. The district court therefore did not plainly err by failing to compel use immunity for Sandoval-Valdivia *sua sponte*.

Appellant further argues that the district court erred in failing to hold an evidentiary hearing to explore Sandoval-Valdivia's proffered testimony. A district court's failure to conduct such a hearing is reviewed for plain error. *United States v. Flores-Blanco*, 623 F.3d 912, 918 n.2 (9th Cir. 2010). A district court is not required to conduct an evidentiary hearing to determine whether to compel use immunity for a defense witness, *see id.* at 917–18 (affirming district court's refusal to compel immunity following defense counsel's proffer of witness's testimony); *United States v. Duran*, 189 F.3d 1071, 1087–88 (9th Cir. 1999) (same), and Appellant did not request that the district court conduct such a hearing. Given that a district court need not always conduct an evidentiary hearing even when the issue of compelled immunity has been raised before the court, the district court did not plainly err by failing to conduct an evidentiary hearing where Appellant had neither raised the issue of immunity nor requested an evidentiary hearing.

Appellant next contends that the district court abused its discretion in declining to issue a missing-witness jury instruction. The district court correctly

found that a missing-witness instruction was inappropriate because Sandoval-Valdivia was not "peculiarly within the power of the other party" and because there was no "natural and reasonable" inference that Sandoval-Valdivia would have given testimony unfavorable to the government. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012). Sandoval-Valdivia's unavailability as a witness was the result of his invocation of his Fifth Amendment privilege against self-incrimination, and he was therefore unavailable to both Appellant and the government. *United States v. Brutzman*, 731 F.2d 1449, 1453–54 (9th Cir. 1984), *questioned on other grounds by United States v. Charmley*, 764 F.2d 675, 677 n.1 (9th Cir. 1985). Additionally, the testimony proffered by defense counsel was consistent with the relevant testimony given by Trinidad-Magdaleno, and the factual basis in Sandoval-Valdivia's plea agreement implicates Appellant in the charged drug transaction. Sandoval-Valdivia's plea colloquy, in which he pled guilty to conspiring with Appellant and Trinidad-Magdaleno, similarly implicates Appellant. The district court was well within its discretion in declining to give a missing-witness instruction.

Appellant finally contends that his attorney's failure to request that the government grant use immunity to Sandoval-Valdivia constitutes ineffective assistance of counsel. The factual record currently before the court is not

sufficiently developed to permit determination of this issue on direct appeal. *See*

*United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). The court therefore

declines to consider Appellant's ineffective assistance claim on direct appeal.

**AFFIRMED.**