NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10579 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00332- JAD |
| v. | |
| EDWARD JAMESON PURRY II, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before:    REINHARDT, TASHIMA, and BERZON, Circuit Judges.

On four occasions in 2013, Appellant Edward J. Purry II purchased guns

from Big Gun Enterprises, LLC, a federally licensed firearms dealer based in

Henderson, Nevada.  On each of these occasions, Purry completed the requisite

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Firearms Transaction Record, also known as a Form 4473, on which he represented that he resided in Nevada.

Purry was indicted on four counts of violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2) for illegally acquiring firearms. The indictment alleged that Purry knowingly misrepresented his address and his state of residency on the Form 4473s. A jury convicted Purry on all counts. He was sentenced to concurrent terms of 102 months' imprisonment.

Purry now appeals his conviction and sentence. First, Purry argues that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by failing to disclose, until shortly before trial, evidence of Big Gun's own Form 4473 reporting violations. Second, Purry challenges the sufficiency of the government's evidence. Third, Purry objects to a variety of the district court's evidentiary rulings. Finally, Purry contends that his sentence is substantively unreasonable.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** We review alleged *Brady* and *Giglio* violations de novo. *United States v. Wilkes*, 662 F.3d 524, 534 (9th Cir. 2011) (citation omitted). A *Brady / Giglio* violation has three elements: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that

evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued." *United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2011). "Evidence is prejudicial . . . 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* at 902 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In turn, "[t]here is a 'reasonable probability' of prejudice when suppression of evidence 'undermines confidence in the outcome of the trial.'" *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Purry's *Brady / Giglio* claim turns on the government's purported failure timely to disclose the fact that Big Gun had itself been reprimanded by the Bureau of Alcohol, Tobacco, Firearms and Explosives for inaccurately completing Form 4473s. Purry argues this evidence would have been both "independently exculpatory" and valuable "impeachment evidence."

We are unpersuaded. Purry contends this evidence was exculpatory because, had it been timely disclosed, he could have pursued the theory that Big Gun's own employees were instructing purchasers, like him, to complete the Form 4473s incorrectly. However, not every late disclosure gives rise to a *Brady* violation. *See, e.g.*, *United States v. Woodley*, 9 F.3d 774, 777 (9th Cir. 1993) (rejecting *Brady* claim where potentially exculpatory material was disclosed shortly before

3

and even during trial). In fact, "*Brady* does not necessarily require that the prosecution turn over exculpatory material *before* trial." *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (citation omitted). Rather, the relevant inquiry is whether the disclosure, when made, was still of value to the accused. *See id.* Here, Purry repeatedly sought to use the evidence at trial, which confirms that the evidence remained of value to Purry, despite its late disclosure.[1] This is enough to defeat his *Brady* claim. *Id.*

Purry also argues that evidence of Big Gun's reporting violations would have enabled him to impeach the testimony of Big Gun's owner Gina Allen, who laid the foundation for admission of the Form 4473s as business records under Federal Rule of Evidence 803(6). Even assuming, without deciding, that this evidence would have undermined Allen's testimony, any resulting error is harmless because the court made clear that, in the alternative, the Form 4473s were admissible under Federal Rule of Evidence 801(d)(2), as statements by a party-opponent. Accordingly, Purry's *Giglio* challenge likewise fails.

---

[1] To be sure, the district court refused to allow Purry to actually use the evidence at trial, explaining that the evidence was irrelevant and unduly prejudicial under Federal Rule of Evidence 403. But this is immaterial for purposes of *Brady*. What matters is that, despite the late disclosure, Purry received the evidence from the government with sufficient time to utilize it at trial. That the court then excluded the evidence on unrelated grounds does not change this fact.

**2.** We review a sufficiency of the evidence challenge de novo. *See United States v. Tucker*, 641 F.3d 1110, 1118 (9th Cir. 2011). In so doing, we construe "the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Somsamouth*, 352 F.3d 1271, 1274–75 (9th Cir. 2003) (quoting *United States v. Gonzalez-Torres*, 309 F.3d 594, 598 (9th Cir. 2002)).

The offense of which Purry was convicted requires that (1) a defendant knowingly, (2) make a false statement, (3) in connection with the acquisition of a firearm, (4) that relates to facts material to the legality of the firearm sale. *See* 18 U.S.C. § 922(a)(6). Purry contends that "[t]he government failed to present sufficient evidence that [he] knowingly and falsely stated he resided in Nevada and that [his] statements about his address and state of residence were material to the firearm sales."

Both of these arguments fail. First, Purry's own statements that he lived in Oakland, California – made to law enforcement and repeated on his applications to obtain a concealed weapons permit, an identification card, and a UPS mail box – provide a sufficient basis for concluding that his representations to the contrary on the Form 4473s were false. Second, Purry's materiality argument fails under the

logic of *Abramski v. United States*, 134 S.Ct. 2259, 2273 (2014), in which the Court held that information on a Form 4473 is material if the dealer's knowledge of its falsity would render the sale unlawful. That is the case here: had Big Gun known Purry was misrepresenting his state of residence, the sale would have been unlawful.

Accordingly, we deny Purry's sufficiency of the evidence challenge.

3.    We review a district court's denial of a motion to exclude evidence under Rules 403 and 404(b) for abuse of discretion. *See United States v. Vo*, 413 F.3d 1010, 1017 & n.4 (9th Cir. 2005). A district court's denial of a motion for a mistrial is likewise reviewed for abuse of discretion. *See United States v. Lemus*, 847 F.3d 1016, 1024 (9th Cir. 2016). Finally, we consider de novo a district court's denial of a Confrontation Clause claim. *See United States v. Cazares*, 788 F.3d 956, 972 (9th Cir. 2015).

A.    Purry's first evidentiary objection takes issue with the admission of "evidence indicating he shipped firearms from Nevada to California." Prior to trial, Purry unsuccessfully sought to exclude the evidence via a motion in limine. During trial, Purry moved, again unsuccessfully, for a mistrial on the same issue. The district court admitted the evidence because it tended to show that Purry was not a resident of Nevada, which was probative of an element of the charged

6

offense. Because this evidence corroborated other evidence as to Purry's state of residence, as well as Purry's motive for making false statements, we cannot find the court's ruling to be an abuse of discretion.

**B.** Purry next challenges the efficacy of the district court's limiting instruction as it relates to evidence that Purry used the alias "Kenny Clutch." This argument fails because "our court assumes that the jury listened to and followed the trial judge's instructions." *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980) (citation omitted). *See also United States v. Gallenardo*, 579 F.3d 1076, 1082 (9th Cir. 2009) (affirming denial of motion for a mistrial because it is "presume[d] that the jury followed the district court's limiting instruction"). Because Purry has advanced no reason why we should depart from this well-established principle in this case, we reject this argument.

**C.** Purry's third evidentiary objection concerns the court's admission, over his objection, of photographs depicting firearms that had been seized by the U.S. Postal Service in California. Purry challenges the evidence as unduly prejudicial under Rule 403. We cannot agree. Several factors support affirming the district court. First, this is not a case where weapons had no connection to the offenses charged; rather, the crux of the government's case was that Purry was buying guns in Nevada to unlawfully ship them to California.

7

Second, the risk of undue prejudice is further reduced because the firearms pictured, while not the guns referenced in the indictment, were, nevertheless, actually shipped by Purry. Finally, we afford trial courts "wide discretion" when applying "the broad contours of Rule 403[.]" *United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985). Accordingly, we conclude that the district court did not abuse its discretion in this instance.

      **D.** Purry's next evidentiary challenge takes issue with the district court's admission of evidence – both photographic and testimonial – suggesting that Purry possessed more guns than the fourteen charged in the indictment. According to Purry, the district court should have granted a mistrial on this basis. We disagree.

Even accepting Purry's premise that this evidence was prejudicial, we have held that "[w]here evidence heard by the jury is later ruled inadmissible, a cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant." *United States v. Charmley*, 764 F.2d 675, 677 (9th Cir. 1985). "Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." *Id.* Here, after reciting the charges in the indictment, the district court instructed the jurors that "[y]ou are here only to determine whether the defendant is guilty or not guilty of the charges in the

8

Indictment," and that "[t]he defendant is not on trial for any conduct or offense not charged in the Indictment." This instruction was sufficient to overcome any prejudice resulting from the challenged evidence. Accordingly, we deny Purry's fourth evidentiary challenge.

**E.** Purry's final evidentiary objection challenges the district court's admission of evidence relating to Dan Tillman, the Big Gun employee who partially completed some of the Form 4473s at issue in this case. Purry contends that because he never had an opportunity to cross-examine Tillman, the admission of this evidence violated the Sixth Amendment's Confrontation Clause. We disagree. As to the Form 4473s themselves, they are business records and therefore "are generally admissible absent confrontation." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). *See also United States v. Bland*, 961 F.2d 123, 127 (9th Cir. 1992) (admitting Form 4473s as business records). Likewise, the challenged testimony as to the same was not offered for the truth of the matter asserted. Instead, it was offered to explain why law enforcement decided to follow up on Purry's Form 4473s. Such testimony cannot give rise to a Confrontation Clause claim. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("[The Confrontation Clause] does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

9

**4.** We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). Purry was sentenced to concurrent terms of 102 months' imprisonment. The district court determined Purry's sentence by calculating a guidelines range of 97 to 121 months, based on an Adjusted Offense Level of 30 and a Criminal History Category of I. Because the district court imposed a within guidelines sentence and sufficiently explained why the sentence adopted was appropriate, Purry's sentence was substantively reasonable. *See United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) ("[W]hen a district judge imposes a sentence within the Guidelines range, 'it is probable that the sentence is reasonable,' because the judge's application of the § 3553(a) factors accords with the Sentencing Commission's independent application of those factors in the 'mine run of cases.'").

**AFFIRMED.**