NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>VIVIAN TAT, AKA Vivian Lnu,<br><br>Defendant-Appellant. | No.   19-50034<br><br>D.C. No.<br>2:14-cr-00702-ODW-2<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RUIMIN ZHAO,<br><br>Defendant-Appellant. | No.   19-50078<br><br>D.C. No.<br>2:14-cr-00702-ODW-3 |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted March 4, 2021
Submission Withdrawn April 7, 2021
Resubmitted October 14, 2021
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and MILLER, Circuit Judges, and HILLMAN,[**] District Judge.

Defendants Vivian Tat and Ruimin Zhao appeal their convictions for conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956(h).[1] We affirm.

1. The district court did not abuse its discretion in refusing to give a missing-witness instruction. See United States v. Bramble, 680 F.2d 590, 592 (9th Cir. 1982) (holding that we review for abuse of discretion the district court's refusal of such an instruction). Defendants did not attempt to call the witness, Defendant Zhao's husband, because they believed that he would invoke his privilege against self-incrimination. "Where a witness' unavailability results from an invocation of the privilege against self-incrimination, the witness is unavailable to both parties, and the court's refusal to give an absent witness instruction is proper." United States v. Brutzman, 731 F.2d 1449, 1454 (9th Cir. 1984), overruled on other grounds by United States v. Charmley, 764 F.2d 675, 677 n.1 (9th Cir. 1985).

---

[**] The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

[1] Defendant Tat also appeals her convictions under 18 U.S.C. § 1005, which we address separately in a concurrently filed published opinion.

2.  As the government concedes, the prosecutor troublingly erred during her closing argument when, at the district court's encouragement, she vouched for the government's witnesses and suggested that the government was a guarantor of truthfulness.  See United States v. Young, 470 U.S. 1, 18 (1985) (describing the dangers of a "prosecutor's vouching for the credibility of witnesses").  But, applying plain error review, we decline to vacate Defendants' convictions because (1) "the prosecutor's remarks were 'invited,'" and (2) "the overwhelming evidence of [Defendants'] intent to [launder money] eliminates any lingering doubt that the prosecutor's remarks unfairly prejudiced the jury's deliberations."  Id. at 12, 19.  A surreptitious video recording and documents comprised most of the evidence, limiting significantly the prejudice of any comments about witnesses.

3.  The district court did not abuse its discretion in answering the jury's first note by stating which exhibits correspond to Counts 2 and 3.  See United States v. Ramirez, 537 F.3d 1075, 1081 (9th Cir. 2008) (holding that we "ordinarily review a district court's response to a jury question for abuse of discretion").  A district court may "assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, [or] by drawing their attention to the parts of it which [it] thinks important."  Quercia v. United States, 289 U.S. 466, 469 (1933).  Indeed, both Tat and the government argued to the jury that Exhibits 47 and 48 supported their theories of the case, and no other exhibits were relevant.

4. Because, as the district court found, Defendants had an opportunity to object and failed to do so, we review for plain error the district court's response to the jury's second note. See United States v. Martinez, 850 F.3d 1097, 1100 n.1 (9th Cir. 2017) (noting that we review for plain error whether the district court's response to a juror's question violated the Sixth Amendment when the defendant did not object to that response before the district court despite having an opportunity to do so). That said, we must stress that the far better practice is for a district court to invite comment on its response to the jury's question expressly and to hold all such discussions on the record to avoid the uncertainties apparent in this case.

The district court did not plainly err because the jury's question—"Where is Raymond Tan?"—and the court's response—"That is not an issue for your determination"—are ambiguous. The most natural reading of the question is that the jury literally asked about Tan's physical location. Assuming that the district court had the same interpretation, its answer was legally and factually correct. Moreover, the court's response was similar to the unobjectionable Jury Instruction No. 20: "For reasons that do not concern you the case against [Tan] is no longer before you. Do not speculate why." The court also did not advise the jury that it could not consider the inference most favorable to Defendants—that the

4

government was hiding Tan—which defense counsel already had raised during closing argument.

**AFFIRMED.**