**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2320 |
| Plaintiff - Appellee, | D.C. No. 2:18-cr-00256-JAM-1 |
| v. | |
| ANTONIO DESHAWN MARION LONG ANDREWS, AKA Antonio Long, AKA Antonio Long Andrews, AKA Antonio Deshawn Long, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 3, 2025
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Antonio Deshawn Marion Long Andrews ("Long Andrews") was indicted,

tried by a jury, and convicted of sex trafficking Victim 1 by force, threats of force,

or coercion under 18 U.S.C. § 1591(a)(1) and (b)(1). The district court sentenced

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

him to 235 months in prison to be followed by 240 months of supervised release. The court also ordered him to pay a $100 assessment and a $5,000 special assessment under the Justice for Victims of Trafficking Act (JVTA). Long Andrews moved for a new trial and acquittal, which the district court denied. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Before trial, the parties filed simultaneous motions in limine concerning evidence of an attack on an uncharged Victim 2. The district court admitted the proffered evidence as part of the government's case in chief, adopting the government's position that the evidence would establish the knowledge requirement of § 1591(a). *See United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010).

At trial, after the government introduced testimony, photos, and videos of the attack on Victim 2, the court expressed concern that the government would not be able to produce a witness identifying Long Andrews as the perpetrator of the attack. Accordingly, the court struck that evidence and instructed the jury to disregard it. Long Andrews proposed additional curative instructions several days later, which the court declined to give. While instructing the jury at the end of the trial, the court again admonished the jury not to consider stricken evidence.

On appeal, Long Andrews argues that the court's admission of the evidence of the attack on Victim 2, combined with its refusal to give the curative instruction

that he requested, constitutes reversible error. He also argues that the district court erred in denying his request for an evidentiary hearing in which he could present evidence of his indigency, which would exempt him from the $5,000 JVTA special assessment.

1. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Waters*, 627 F.3d 345, 351 (9th Cir. 2010). Where the district court errs in admitting evidence of prior bad acts, we review for harmless error. *United States v. Carpenter*, 923 F.3d 1172, 1181 (9th Cir. 2019). The district court cured any prejudice resulting from the admission of evidence concerning the attack on Victim 2 by striking the evidence and admonishing the jury to disregard it. Any error was therefore harmless.

Long Andrews argues that the evidence was inadmissible because it failed to comply with the requirements of Federal Rule of Evidence 404(b), which governs evidence of prior bad acts. We need not address this argument because the district court admitted the evidence as directly establishing one of the elements of the charged offense. Specifically, § 1591 contains a knowledge requirement which can be satisfied by evidence that the defendant used the same sex trafficking methods in the past. *Todd*, 627 F.3d at 334. Such evidence is "inextricably intertwined" with the charged offense and exempt from Rule 404(b)'s requirements. *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013).

23-2320

However, evidence of the attack on Victim 2 was nonetheless inadmissible because it lacked an evidentiary foundation establishing that Long Andrews was the man who assaulted Victim 2. *See* Fed. R. Ev. 402. The government did not plan to call Victim 2 as a witness. Rather, it planned to identify Long Andrews through either the testimony of the officer who arrested him or a court record of his conviction for the attack. But that arrest was based on Victim 2's out-of-court identification of Long Andrews as her attacker, which was hearsay that could not be admitted at trial because the government did not put forward an applicable hearsay exception. Thus, there was no admissible evidence tying Long Andrews to the attack on Victim 2, rendering evidence of the attack irrelevant. Because no admissible evidence established that Long Andrews attacked Victim 2, evidence of that attack should not have been admitted.

But the district court's jury admonishment sufficed to mitigate any prejudice caused by the erroneously admitted evidence, so reversal is not warranted. "Where evidence heard by the jury is later ruled inadmissible, a cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant." *United States v. Charmley*, 764 F.2d 675, 677 (9th Cir. 1985). This is because we "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that

the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (internal citations omitted); *see also Parker v. Randolph*, 442 U.S. 62, 73 (1979) (holding that a "crucial assumption underlying" the "system of trial by jury" "is that juries will follow the instructions given them by the trial judge").

Long Andrews has not shown an "overwhelming probability" that the jury would disregard the court's admonishment, nor has he shown that the struck evidence was "devastating" to his defense. Although the admission of evidence concerning the attack on Victim 2 may have been improper, any error was harmless because the jury admonishment appropriately eliminated any resulting prejudice.[1]

2. The district court did not err in denying Long Andrews an evidentiary hearing on whether he was indigent for the purposes of the JVTA. The JVTA imposes a special assessment fine of $5,000 on any individual convicted under 18 U.S.C. § 1591 unless that individual can establish that he is indigent. *See* 18 U.S.C. § 3014(a). Future earning capacity precludes a finding of indigence under the statute because a defendant's obligation to pay the assessment does not end until "the later of 20 years from the entry of judgment or 20 years after the release from

---

[1] Because the district court's instructions to the jury were sufficient to cure any prejudice, we reject Long Andrews' argument that the district court erred in failing to adopt his preferred curative instruction instead.

imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. §§ 3014(g), 3613(b).

Long Andrews seeks an evidentiary hearing to present evidence of his indigency, but he cites no authority establishing that such a hearing is required. Moreover, the district court properly considered the facts outlined in the presentence report and concluded that Long Andrews was capable of *future* earnings that would enable him to pay the $5,000 fine.

**AFFIRMED.**